**BLD-140**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1200
_____

IN RE: RYAN KOO,
Petitioner

_____

On Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 09-cr-00446-006)

_____

Submitted Pursuant to Rule 21, Fed R. App. P.
March 15, 2012
Before:  SCIRICA, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  April 9, 2012)
_____

OPINION
_____

PER CURIAM

Ryan Koo petitions this Court for a writ of mandamus compelling the United

States District Court for the Eastern District of Pennsylvania to rule on a motion.  We

will deny the petition.

In 2010, Koo pleaded guilty in the District Court to a number of charges, including

conspiracy, aggravated identity theft, and mail and wire fraud.  He was sentenced to a

prison term of 30 months.  Koo's plea agreement included a waiver of his rights to

directly appeal and collaterally attack his conviction and sentence, except in limited

1

circumstances. Koo did not appeal, but he filed a motion to vacate his sentence under 28 U.S.C. § 2255 on December 12, 2011, and a motion to compel the Government to file a motion under Rule 35(b) of the Federal Rules of Criminal Procedure on December 27, 2011. The latter motion is the subject of the present mandamus petition. Koo contends that he entered into a verbal contract with the Government after he was sentenced to provide assistance in an ongoing investigation in exchange for a sentence reduction under Rule 35(b). According to Koo, the Government declined to file a Rule 35(b) motion on his behalf, so he moved to compel them to do so. On January 31, 2012, Koo filed the instant petition for a writ of mandamus asking this Court to order the District Court to expeditiously rule on his motion because of the presumably short length of time remaining on his sentence.

Mandamus is a drastic remedy that is granted only in extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). It may be used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Id. (citation omitted). To demonstrate that mandamus is appropriate, a petitioner must establish that he or she has "no other adequate means" to obtain the relief requested, and that he or she has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

As a general rule, "matters of docket control" are within the sound discretion of the District Court. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Nonetheless, an appellate court may issue a writ of mandamus when an undue delay in

2

adjudication is "tantamount to a failure to exercise jurisdiction." <u>Madden</u>, 102 F.3d at 79. This case, however, does not present such a situation. A delay of approximately two-and-a-half months in the disposition of Koo's pending motion "does not yet rise to the level of a denial of due process." <u>Id.</u> (stating that approximately eight months of inaction is insufficient to compel mandamus). We are confident that the District Court will rule on Koo's motion in due course, particularly in light of the fact that the Magistrate Judge recently issued a Report and Recommendation regarding the § 2255 petition filed two weeks before the motion to compel. Accordingly, Koo's petition for a writ of mandamus is denied.